# EXHIBIT A

**SUMMONS**

Attorney(s)  Karpf, Karpf & Cerutti, P.C.

Office Address   3331 Street Road

Town, State, Zip Code  Two Greenwood Square, Suite 128

                                Bensalem, PA 19020

Telephone Number   (215) 639-0801

Attorney(s) for Plaintiff  W. Charles Sipio, Esq.

Ryksmyrn Mullen

---

           Plaintiff(s)

    Vs.

Laboratory Corporation of America Holdings d/b/a
Labcorp

          Defendant(s)

**Superior Court of
New Jersey**

    Hunterdon    COUNTY

    Civil    DIVISION

Docket No:  HNT-L-000468-22

**CIVIL ACTION
SUMMONS**

From The State of New Jersey To The Defendant(s) Named Above:

    The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey.  The complaint attached to this summons states the basis for this lawsuit.  If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it.  (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/pro se/10153_deptyclerklawref.pdf.)  If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ  08625-0971.  A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed.  You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above.  A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $135.00 and completed Case Information Statement) if you want the court to hear your defense.

    If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit.  If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

    If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529).  If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.

                                          /s/ Michelle M. Smith
                                           Clerk of the Superior Court

DATED:     12/2/2022

Name of Defendant to Be Served:  Laboratory Corporation of America Holdings d/b/a Labcorp

Address of Defendant to Be Served:  Corporate Headquarters located at 531 South Spring Street, Burlington, NC 27215

Revised 09/04/2012, CN 10792-English (Appendix XII-A)

*Personally
served
12/08/22*

# Directory of Superior Court Deputy Clerk's Offices
# County Lawyer Referral and Legal Services Offices

**ATLANTIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Direct Filing
1201 Bacharach Blvd., First Fl.
Atlantic City, NJ 08401

LAWYER REFERRAL
(609) 345-3444
LEGAL SERVICES
(609) 348-4200

**BERGEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Room 115
Justice Center, 10 Main St.
Hackensack, NJ 07601

LAWYER REFERRAL
(201) 488-0044
LEGAL SERVICES
(201) 487-2166

**BURLINGTON COUNTY:**
Deputy Clerk of the Superior Court
Central Processing Office
Attn: Judicial Intake
First Fl., Courts Facility
49 Rancocas Rd.
Mt. Holly, NJ 08060

LAWYER REFERRAL
(609) 261-4862
LEGAL SERVICES
(609) 261-1088

**CAMDEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Processing Office
Hall of Justice
1st Fl.,  Suite 150
101 South 5th Street
Camden, NJ 08103

LAWYER REFERRAL
(856) 482-0618
LEGAL SERVICES
(856) 964-2010

**CAPE MAY COUNTY:**
Deputy Clerk of the Superior Court
9 N. Main Street
Cape May Court House, NJ 08210

LAWYER REFERRAL
(609) 463-0313
LEGAL SERVICES
(609) 465-3001

**CUMBERLAND COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
60 West Broad Street
P.O. Box 10
Bridgeton, NJ 08302

LAWYER REFERRAL
(856) 696-5550
LEGAL SERVICES
(856) 691-0494

**ESSEX COUNTY:**
Deputy Clerk of the Superior Court
Civil Customer Service
Hall of Records,  Room 201
465 Dr. Martin Luther King Jr. Blvd.
Newark, NJ 07102

LAWYER REFERRAL
(973) 622-6204
LEGAL SERVICES
(973) 624-4500

**GLOUCESTER COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
Attn: Intake
First Fl., Court House
1 North Broad Street
Woodbury, NJ 08096

LAWYER REFERRAL
(856) 848-4589
LEGAL SERVICES
(856) 848-5360

**HUDSON COUNTY:**
Deputy Clerk of the Superior Court
Superior Court, Civil Records Dept.
Brennan Court House--1st Floor
583 Newark Ave.
Jersey City, NJ 07306

LAWYER REFERRAL
(201) 798-2727
LEGAL SERVICES
(201) 792-6363

**HUNTERDON COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
65 Park Avenue
Flemington, NJ 08822

LAWYER REFERRAL
(908) 236-6109
LEGAL SERVICES
(908) 782-7979

**MERCER COUNTY:**
Deputy Clerk of the Superior Court
Local Filing Office, Courthouse
175 S. Broad Street, P.O. Box 8068
Trenton, NJ 08650

LAWYER REFERRAL
(609) 585-6200
LEGAL SERVICES
(609) 695-6249

**MIDDLESEX COUNTY:**
Deputy Clerk of the Superior Court,
Middlesex Vicinage
2nd Floor - Tower
56 Paterson Street, P.O. Box 2633
New Brunswick, NJ 08903-2633

LAWYER REFERRAL
(732) 828-0053
LEGAL SERVICES
(732) 249-7600

**MONMOUTH COUNTY:**
Deputy Clerk of the Superior Court
Court House
P.O. Box 1269
Freehold, NJ 07728-1269

LAWYER REFERRAL
(732) 431-5544
LEGAL SERVICES
(732) 866-0020

**MORRIS COUNTY:**
Morris County Courthouse
Civil Division
Washington and Court Streets
P. O. Box 910
Morristown, NJ 07963-0910

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 285-6911

**OCEAN COUNTY:**
Deputy Clerk of the Superior Court
118 Washington Street, Room 121
P.O. Box 2191
Toms River, NJ 08754-2191

LAWYER REFERRAL
(732) 240-3666
LEGAL SERVICES
(732) 341-2727

**PASSAIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
Court House
77 Hamilton Street
Paterson, NJ 07505

LAWYER REFERRAL
(973) 278-9223
LEGAL SERVICES
(973) 523-2900

**SALEM COUNTY:**
Deputy Clerk of the Superior Court
Attn: Civil Case Management Office
92 Market Street
Salem, NJ 08079

LAWYER REFERRAL
(856) 935-5629
LEGAL SERVICES
(856) 691-0494

**SOMERSET COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
P.O. Box 3000
40 North Bridge Street
Somerville, N.J. 08876

LAWYER REFERRAL
(908) 685-2323
LEGAL SERVICES
(908) 231-0840

**SUSSEX COUNTY:**
Deputy Clerk of the Superior Court
Sussex County Judicial Center
43-47 High Street
Newton, NJ 07860

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 383-7400

**UNION COUNTY:**
Deputy Clerk of the Superior Court
1st Fl., Court House
2 Broad Street
Elizabeth, NJ 07207-6073

LAWYER REFERRAL
(908) 353-4715
LEGAL SERVICES
(908) 354-4340

**WARREN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division Office
Court House
413 Second Street
Belvidere, NJ 07823-1500

LAWYER REFERRAL
(908) 859-4300
LEGAL SERVICES
(908) 475-2010

# Civil Case Information Statement

## Case Details: HUNTERDON | Civil Part Docket# L-000468-22

**Case Caption:** MULLEN RYKSMYRN  VS LABORATORY
CORPORATI ON OF AM

**Case Initiation Date:** 11/29/2022

**Attorney Name:** WILLIAM CHARLES SIPIO

**Firm Name:** KARPF, KARPF & CERUTTI, PC

**Address:** 3331 STREET RD TWO GREENWOOD SQUARE
STE 128
BENSALEM PA 19020

**Phone:** 2156390801

**Name of Party:** PLAINTIFF : Mullen, Ryksmyrn

**Name of Defendant's Primary Insurance Company**
(if known): Unknown

**Case Type:** EMPLOYMENT (OTHER THAN CEPA OR LAD)

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 12 JURORS

**Is this a professional malpractice case?** NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same
transaction or occurrence)?** NO

**Does this case involve claims related to COVID-19? NO**

**Are sexual abuse claims alleged by: Ryksmyrn Mullen? NO**

## THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE

### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** YES

**If yes, is that relationship:** Employer/Employee

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual
management or accelerated disposition:**


**Do you or your client need any disability accommodations?** NO
    **If yes, please identify the requested accommodation:**


**Will an interpreter be needed?** NO
    **If yes, for what language:**


**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO


I certify that confidential personal identifiers have been redacted from documents now submitted to the
court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

11/29/2022
Dated

/s/ WILLIAM CHARLES SIPIO
Signed

HNT-L-000468-22   11/29/2022 4:37:34 PM   Pg 2 of 2   Trans ID: LCV20224086520

**KARPF, KARPF & CERUTTI, P.C.**
W. Charles Sipio, Esq. (026602012)
Samantha Pankey Martin, Esq. (397982022)
3331 Street Road
Two Greenwood Square, Suite 128
Bensalem, PA 19020
P - (215) 639-0801
F - (215) 639-4970

| | | |
|---|---|---|
| RYKSMYRN MULLEN | : | |
| 46 Stirrup Lane | : | SUPERIOR COURT OF NEW JERSEY |
| Flemington, NJ 08822 | : | HUNTERDON COUNTY LAW DIV. |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | DOCKET NO:  HNT-L-000468-22 |
| LABORATORY CORPORATION OF | : | |
| AMERICA HOLDINGS d/b/a LABCORP | : | |
| 69 1ST AVENUE | : | |
| RARITAN, NJ 08869 | : | **JURY TRIAL DEMANDED** |
| | : | |
| Defendant. | : | |

## CIVIL ACTION COMPLAINT

Plaintiff, by and through his undersigned counsel, hereby avers as follows:

### I.   Introduction

1.     This action has been initiated by Ryksmyrn Mullen (hereinafter referred to as

"Plaintiff," unless indicated otherwise) against Laboratory Corporation of America Holdings d/b/a

Labcorp (hereinafter "Defendant") for violations of the Jake Honig Compassionate Use Medical

Cannabis Act ("CUMCA" – N.J.S.A. § 24:6I-1 et seq.) and New Jersey common law.  As a direct

consequence of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

### II.   Parties

2.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in

full.

3.    Plaintiff is an adult who resides at the above-captioned address.

4.    Laboratory Corporation of America Holdings d/b/a Labcorp is a corporation operating one of the largest clinical laboratory networks in the world, with a facility located at the above-captioned address.   Plaintiff applied for and was hired to work from this facility.

5.    At all times relevant herein, Defendant acted by and through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

### III.    **Factual Background**

6.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7.    Plaintiff is an adult male.

8.    On or about November 24, 2020, Plaintiff applied through Indeed for a Clinical Laboratory Technician position in Defendant's Raritan, New Jersey facility.

9.    Over the next several days, Plaintiff engaged in discussions with a recruiter for Defendant, Bethany Widnizski (hereinafter "Widnizski") regarding employment with Defendant, which involved a screening interview.

10.    Plaintiff thereafter engaged in several interviews with multiple recruiting and/or management employees of Defendant.

11.    Shortly thereafter, on or about December 4, 2020, Plaintiff received a letter via email from Defendant, signed by Recruitment Relationship Manager, Jenny Baker (hereinafter "Baker"), offering Plaintiff the position of Medical Technologist/Clinical Laboratory Technician – Molecular.

12.     The aforesaid December 4, 2020 offer email and/or letter further directed Plaintiff to accept the offer, which would then prompt him to "complete the background check form and required onboarding documents through the Labcorp careers portal," which Plaintiff did.

13.     That same day (December 4, 2020), Plaintiff received instructions and/or registered appointment for completing a drug and alcohol screening test at one of Defendant's specimen collection sites.

14.     Plaintiff completed his drug urine screening test, on or about December 9, 2020, at Defendant's Somerset, New Jersey facility.

15.     At the time of his drug screening test on or about December 9, 2020, Plaintiff inquired to the attending technician if there was anyone he could talk to about medically prescribed medication that may show up in his drug screening test.   However, Plaintiff was advised by the technician only that the reviewing medical officer would contact Plaintiff with any questions.

16.     Thereafter, on or about December 11, 2020, Plaintiff received an email from Defendant's Talent Acquisition representative, Nicole Burba (hereinafter "Burba"), stating "Our Medical review officer is requesting you call them ASAP to discuss the drug screen result."

17.     Plaintiff then reached out to Defendant's medical review officer, who informed him that he had tested positive for marijuana on his drug screening test.

18.     Plaintiff advised Defendant's medical review officer that he: (1) was taking prescription marijuana to treat serious health conditions; (2) is a qualified "patient" under the CUMCA; and (3) has a valid medical marijuana identification card pursuant to the statute.  The representative advised Plaintiff that he would make a notation to his file and provide the information to Defendant.

3

19.     Just a few days later, on or about December 14, 2020, Plaintiff received an email from Senior Recruiter, Harshita Tripuraneni (hereinafter "Tripuraneni") stating that Defendant "would not be able to proceed with your profile Clinical Lab Technician Position as you have failed the Drug Test."

20.     In response to Tripuraneni's email that he had been terminated and/or had his job offer rescinded by Defendant because his drug test had come back positive for marijuana, Plaintiff attempted to reach out to Tripuraneni by phone to explain his status as a qualified medical marijuana patient.  However, Tripuraneni deflected Plaintiff to Widnizski and vaguely advised Plaintiff "we have informed our manager and we will see what can be done."

21.     For the next few days, Plaintiff reached out to Widnizski and Tripuraneni advising them that (1) was taking prescription marijuana to treat serious health conditions; (2) is a qualified "patient" under the CUMCA; and (3) has a valid medical marijuana identification card pursuant to the statute.

22.     In fact, on or about December 16, 2020, Plaintiff emailed Tripuraneni a picture of his valid medical marijuana identification card pursuant to the CUMCA, a screenshot of the New Jersey Medical Marijuana Program website (stating the guidelines that New Jersey employers must follow under the CUMCA), and a copy of his doctor's Attending Health Care Practitioner's Statement, attesting that Plaintiff has a "qualifying medical condition as defined by NJSA 24:6I-3, to use marijuana for medicinal purposes."

23.     Despite providing Defendant with documentation supporting his status as a medical marijuana patient, Plaintiff was informed by Tripuraneni on or about December 17, 2020, that "Labcorp doesn't take medical marijuana into consideration.  Unfortunately, we will not be able to proceed with your profile."

4

24. Plaintiff continued to reach out to multiple members of Defendant's recruiting team regarding Defendant's failure to abide by New Jersey state medical marijuana law. However, Plaintiff's concerns were largely ignored and/or he was treated with hostility and animosity by Defendant's recruiting staff, including but not limited to Emily LaRoche (hereinafter "LaRoche"), who disparagingly advised Plaintiff during a phone call on or about December 17, 2020, that "you're just like everyone who smoked a joint."

25. Defendant thereafter refused to respond to Plaintiff's inquiries, standing behind its refusal to hire and/or terminate Plaintiff for testing positive for marijuana, despite that he notified Defendant he was taking prescription medical marijuana to treat serious medical conditions.

26. Plaintiff has and continues to suffer from various disabilities, including but not limited to anxiety, joint and muscular conditions, and pain, as well as resulting complications such as insomnia.

27. Plaintiff's use of marijuana to treat his disabilities was tantamount to other forms of treatment outside of prescription medication, such as exercise, dietary changes, and sleep requirements.

28. Defendant's refusal to hire and/or termination of Plaintiff solely due to the presence of cannabinoid metabolites in his bodily fluid from his legal use of medical marijuana, as well as it's blanket policy of "not taking medical marijuana [use] into consideration" is a *per se* violation of the CUMCA.

29. New Jersey's Jake Honig Compassionate Use Medical Cannabis Act ("CUMCA") provides that it is illegal to terminate an employee based on his/her status as a registrant with the Cannabis Regulatory Commission and requires the following steps be taken by an employer when an employee tests positive for cannibas:

5

(1) If an employer has a drug testing policy and an employee or job applicant tests positive for cannabis, the employer shall offer the employee or job applicant an opportunity to present a legitimate medical explanation for the positive test result, and shall provide written notice of the right to explain to the employee or job applicant.

(2) Within three working days after receiving notice pursuant to paragraph (1) of this subsection, the employee or job applicant may submit information to the employer to explain the positive test result, or may request a confirmatory retest of the original sample at the employee's or job applicant's own expense. As part of an employee's or job applicant's explanation for the positive test result, the employee or job applicant may present an authorization for medical cannabis issued by a health care practitioner, proof of registration with the commission, or both.

N.J.S.A. § 24:6I-6.1(b)(1)-(2).

30.     Notwithstanding the aforesaid requirements of the CUMCA, Defendant failed to offer Plaintiff an opportunity to present a legitimate medical explanation for the positive test result and failed to provide written notice of the right to explain to Plaintiff.

31.     Despite that Defendant failed to follow the aforesaid requirements of the CUMCA, Plaintiff on his own provided Defendant with a picture of his valid medical marijuana identification card pursuant to the CUMCA and a copy of his doctor's Attending Health Care Practitioner's Statement, attesting that Plaintiff has a "qualifying medical condition as defined by NJSA 24:6I-3, to use marijuana for medicinal purposes." Nonetheless, Defendant maintained its refusal to hire and/or termination of Plaintiff.

32.     Defendant also refused to engage in any interactive process with Plaintiff regarding his use of medical marijuana for his aforesaid serious health conditions.   Plaintiff would have foregone the use of medical marijuana if anyone had any kind of interactive dialogue with him (although it has been one of the few medications that has actually helped him).

6

33.     Moreover, nothing would have prohibited Plaintiff from performing his job effectively or properly just because he consumed marijuana in the evening (outside of work hours).

34.     Accepting Defendant's blanketly discriminatory views or policies, they could (also unlawfully) prohibit individuals with disabilities from working who take far more powerful or potent narcotics to treat for their respective health problems.

35.     Plaintiff believes and therefore avers that Defendant's failure to hire and/or termination of employment with Defendant was unlawful and discriminatory.

**Count I**
**Violations of New Jersey's Jake Honig Compassionate Use Medical Cannabis Act**
**("CUMCA" – N.J.S.A. § 24:6I-1 et seq.)**
**(Failure to Hire/Termination & Failure to Allow Plaintiff to Obtain Medical Authorization)**

36.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

37.     Plaintiff has and continues to suffer from "qualifying medical condition[s]" within the meaning of N.J.S.A. § 24:6I-3.

38.     Plaintiff is a "qualifying patient" within the meaning of N.J.S.A. § 24:6I-3.

39.     CUMCA provides that it is illegal to fail to hire and/or terminate an employee based on his/her status as a registrant with the Cannabis Regulatory Commission and requires an employer to take the following steps before terminating an employee who tests positive for cannabis:

> (1) If an employer has a drug testing policy and an employee or job applicant tests positive for cannabis, the employer shall offer the employee or job applicant an opportunity to present a legitimate medical explanation for the positive test result, and shall provide written notice of the right to explain to the employee or job applicant.
>
> (2) Within three working days after receiving notice pursuant to paragraph (1) of this subsection, the employee or job applicant may

7

submit information to the employer to explain the positive test result, or may request a confirmatory retest of the original sample at the employee's or job applicant's own expense. As part of an employee's or job applicant's explanation for the positive test result, the employee or job applicant may present an authorization for medical cannabis issued by a health care practitioner, proof of registration with the commission, or both.

N.J.S.A. § 24:6I-6.1(b)(1)-(2).

40.    On December 9, 2020, Plaintiff underwent a drug test required by Defendant, wherein he tested positive for marijuana.

41.    Plaintiff explained to Defendant's management that he used marijuana outside of working hours to care for his aforesaid health conditions.

42.    As a result of his positive drug test, Defendant was required to provide Plaintiff the opportunity to produce to Defendant a medical authorization from his physician regarding his use of marijuana for medicinal purposes within three (3) days or he would be subject to termination, but Defendant failed to provide/notify Plaintiff with such legally required opportunity.

43.    Plaintiff believes that his termination was completely illegal under CUMCA because:

(1) Plaintiff was specifically informed on December 14, 2020, that he was terminated and/or his job offer was rescinded by Defendant;

(2) Defendant failed to offer Plaintiff an opportunity to present a legitimate medical explanation for the positive test result, and failed to provide written notice of the right to explain to Plaintiff as required under the CUMCA; and

(3) Despite that Defendant failed to follow the aforesaid requirements of the CUMCA, Plaintiff on his own provided Defendant with a picture of his valid

8

medical marijuana identification card pursuant to the CUMCA and a copy of his doctor's Attending Health Care Practitioner's Statement, attesting that Plaintiff has a "qualifying medical condition as defined by NJSA 24:6I-3, to use marijuana for medicinal purposes," but Defendant maintained its refusal to hire and/or termination of Plaintiff.

44.    The actions constitute violations of the CUMCA.

### Count II
### Violations of the New Jersey Law Against Discrimination ("NJ LAD")
([1] Actual/Perceived/Record of Disability Discrimination; [2] Retaliation;
[3] Failure to Accommodate; and [4] Failure to Hire)

45.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

46.    Plaintiff suffered from qualifying health conditions under the NJ LAD, which limited his ability to perform some daily functions.

47.    Despite Plaintiff's aforementioned health conditions and limitations, he would still have been able to perform the duties of the position he applied for within Defendant well; however, Plaintiff did require reasonable accommodations.

48.    The ability to accommodate Plaintiff would not have created a hardship upon Defendant.

49.    Defendant terminated Plaintiff solely due to the presence of cannabinoid metabolites in his bodily fluid from his legal use of medical marijuana.

50.    Plaintiff believes and therefore avers Defendant failed to hire him and/or terminated his employment because of: (1) his known and/or perceived health problems; (2) his record of impairment; (3) his requested accommodations; and/or (4) Defendant's failure to properly accommodate him (set forth *supra*).

9

51.     These actions as aforesaid constitute violations of the NJ LAD.[1]

**Count III**
**Common-Law Wrongful Termination**
**(Public Policy Violation)**

52.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

53.     The passage of the NJ CUMCA made clear that the public policy of the State of New Jersey is to provide employment protections for citizens of the state who qualify for the medical use of marijuana and register as qualifying patients with the Cannabis Regulatory Commission. *See* N.J.S.A. § 24:61-2.

54.     In providing protections from discriminatory hiring decisions based on the medical use of marijuana, the legislature made clear that the public policy of the state was to ensure that qualified patients were not subject to adverse employment decisions based on their lawful use of medical marijuana for palliative purposes.

55.     Defendant refused to hire/terminated Plaintiff because of his use of marijuana for medicinal purposes.

56.     These actions as aforesaid constitute violations of the public policy of New Jersey.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.     Defendant is to be prohibited from continuing to maintain its illegal policy, practice or custom of discriminating/retaliating against employees and is to be ordered to promulgate an effective policy against such unlawful acts and to adhere thereto;

B.     Defendant is to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's

---

[1] *See Wild v. Carriage Funeral Holdings, Inc.*, 241 N.J. 285, 224 A.3d 1206, 1207 (2020) (holding employer's refusal to permit an employee to use medical marijuana can constitute a violation of the NJ LAD).

illegal actions, including but not limited to past lost earnings, future lost earnings, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority. Plaintiff should be accorded those benefits illegally withheld from the date he first suffered discrimination/retaliation at the hands of Defendant until the date of verdict;

       C.     Plaintiff is to be awarded punitive and/or liquidated damages as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

       D.     Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate, including but not limited to, emotional distress and/or pain and suffering damages (where legally permitted);

       E.     Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable state law;

       F.     Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to the Plaintiff in light of the caps on certain damages set forth in applicable state law; and

       G.     Plaintiff's claims are to receive trial by jury to the extent allowed by applicable law.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By: _____
W. Charles Sipio, Esq. (026602012)
Samantha Pankey Martin, Esq. (397982022)
3331 Street Road
Two Greenwood Square, Suite 128
Bensalem, PA 19020
(215) 639-0801

Dated: November 29, 2022

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

**KARPF, KARPF, & CERUTTI, P.C.**

By: *W. Charles Sipio*
_____
W. Charles Sipio, Esq. (026602012)
Samantha Pankey Martin, Esq. (397982022)

## RULE 4:5-1 CERTIFICATION

1.     I am licensed to practice law in New Jersey, and I am responsible for the above-captioned matter.

2.     I am aware of no other matter currently filed or pending in any court in any jurisdiction which may affect the parties or matters described herein.

**KARPF, KARPF, & CERUTTI, P.C.**

By: *W. Charles Sipio*
_____
W. Charles Sipio, Esq. (026602012)
Samantha Pankey Martin, Esq. (397982022)

## DESIGNATION OF TRIAL COUNSEL

W. Charles Sipio, Esquire and Samantha Pankey Martin, Esquire of the law firm of Karpf, Karpf, & Cerutti, P.C. are hereby designated trial counsel.

**KARPF, KARPF, & CERUTTI, P.C.**

By: *W. Charles Sipio*
_____
W. Charles Sipio, Esq. (026602012)
Samantha Pankey Martin, Esq. (397982022)

HUNTERDON COUNTY JUSTICE CENTER
CIVIL DIVISION
65 PARK AVE
FLEMINGTON        NJ 08822
                                        TRACK ASSIGNMENT NOTICE
COURT TELEPHONE NO. (908) 824-9750
COURT HOURS  8:30 AM - 4:30 PM

                        DATE:   NOVEMBER 29, 2022
                        RE:     MULLEN RYKSMYRN  VS LABORATORY CORPORATI ON OF AM
                        DOCKET: HNT L -000468 22

     THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 2.

     DISCOVERY IS   300 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

     THE PRETRIAL JUDGE ASSIGNED IS:  HON MICHAEL F. ONEILL

     IF YOU HAVE ANY QUESTIONS, CONTACT TEAM        001
AT:  (908) 750-8100 EXT 13056.

     IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
     PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                        ATTENTION:
                                    ATT: WILLIAM C. SIPIO
                                    KARPF, KARPF & CERUTTI, PC
                                    3331 STREET RD
                                    TWO GREENWOOD SQUARE    STE 128
                                    BENSALEM        PA 19020

ECOURTS

# EXHIBIT B

**KARPF, KARPF & CERUTTI, P.C.**
W. Charles Sipio, Esq. (026602012)
Samantha Pankey Martin, Esq. (397982022)
3331 Street Road
Two Greenwood Square, Suite 128
Bensalem, PA 19020
P - (215) 639-0801
F - (215) 639-4970

| | |
|---|---|
| RYKSMYRN MULLEN : | |
| : | SUPERIOR COURT OF NEW JERSEY |
| Plaintiff, : | HUNTERDON COUNTY LAW DIV. |
| : | |
| v. : | CIVIL ACTION |
| : | |
| LABORATORY CORPORATION OF : | DOCKET NO.: HNT-L-000468-22 |
| AMERICA HOLDINGS d/b/a LABCORP : | |
| : | |
| Defendant. : | |
| : | |

## <u>ENTRY OF APPEARANCE</u>

Kindly enter my appearance on behalf of Plaintiff in the above-referenced matter.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

<u>*/s/ Samantha Pankey Martin*</u>
Samantha Pankey Martin, Esq.

Dated: December 5, 2022

# EXHIBIT C

W. Charles Sipio, Esquire
3331 Street Road, Suite 128
Bensalem 19020 PA
(215) 639-0801



### Superior Court of New Jersey
### In the Law Division
### Hunterdon County

**Ryksmyrn Mullen**

v.

**Laboratory Corporation of America Holdings, et al.**

Case No.:HNT-L-000468-22

## AFFIDAVIT OF SERVICE

STATE OF NC
COUNTY OF Wake   ss

I, _____Jeff Nemitt_____, being duly sworn according to law upon my oath, depose and say, that I am not a party to this action, am over 18 years of age, and have no direct personal interest in this litigation.

On _12/7/22_ at _3:50_ AM /PM, I served **Laboratory Corporation of America Holdings, d/b/a Labcorp** with the following list of documents:
**Summons & Complaint**

Said service was executed at: _531 S. Spring St._   _Burlington_ _NC_ _27215_
                              **Address**          **City**    **State**  **Zip**

☐ Personally served.
☐ Adult family member with whom said Respondent resides.
  Name: _____ Relationship: _____
☐ Adult in charge of Respondent's residence who refused to give bame and/or relationship.
☐ Manager/Clerk of place of lodging in which Respondent resides.
☑ Agent or person in charge of Respondent's office or usual place of business.
  Name: _Alexa Ira_ Title: _Administrative_
☐ Other: _____

Description of person process was left with:
Sex: _Female_ Skin: _White_ Hair: _Black_ Age: _55_ Height: _5'5"_ Weight: _145_

**Non-Service:** After due search, careful inquiry and diligent attempts at the address listed above, I have been unable to effect process upon the person/entity being served because of the following reason(s)

☐ Unknown at Address   ☐ Moved, Left no Forwarding   ☐ Vacant   ☐ No Answer - Several Attempts
☐ Address Does Not Exist ☐ Other _____
Service Attempts: (1) ___/___ (2) ___/___ (3) ___/___ (4) ___/___
                   Date Time    Date Time    Date Time    Date Time
Comments: _____

Signed and sworn before me on
this _8_ day of _Dec_, 20_22_

_Rachel Cleve_
Notary Public

**RACHEL CLEVE**
**NOTARY PUBLIC**
**WAKE COUNTY, N.C.**
My Commission Expires 03-02-2027

_____
(Signature)

On Behalf of:
Dennis Richman Services for the Professional, Inc
4 Neshaminy Interplex Drive, Suite 108,
Trevose, PA 19053
2159779393

SAAFF/P202939

# EXHIBIT D

Delaware.gov                                                    Governor | General Assembly | Courts | Elected Officials | State Agencies

---

**Department of State: Division of Corporations**

Allowable Characters

| HOME | Entity Details |
|------|----------------|

**THIS IS NOT A STATEMENT OF GOOD STANDING**

File Number:        **2384108**          Incorporation Date /    **3/8/1994**
                                         Formation Date:         (mm/dd/yyyy)

Entity Name:        **LABORATORY CORPORATION OF AMERICA HOLDINGS**

Entity Kind:        **Corporation**          Entity Type:    **General**

Residency:          **Domestic**             State:          **DELAWARE**


**REGISTERED AGENT INFORMATION**

Name:           **CORPORATION SERVICE COMPANY**

Address:        **251 LITTLE FALLS DRIVE**

City:           **WILMINGTON**          County:         **New Castle**

State:          **DE**                  Postal Code:    **19808**

Phone:          **302-636-5401**

Additional Information is available for a fee. You can retrieve Status for a fee of $10.00 or more detailed information including current franchise tax assessment, current filing history and more for a fee of $20.00.

Would you like   ● Status   ○ Status,Tax & History Information

[ Submit ]

[ View Search Results ]                    [ New Entity Search ]

---

For help on a particular field click on the Field Tag to take you to the help area.

site map   |   privacy   |   about this site   |   contact us   |   translate   |   delaware.gov

# EXHIBIT E

# BUSINESS CORPORATION ANNUAL REPORT

NAME OF BUSINESS CORPORATION: **Laboratory Corporation of America Holdings**

SECRETARY OF STATE ID NUMBER: 0372743          STATE OF FORMATION: DE

REPORT FOR THE FISCAL YEAR END: 12/31/2021

| Filing Office Use Only |
| --- |
| E - Filed Annual Report |
| 0372743 |
| CA202211004405 |
| 4/20/2022 04:00 |
| [X] Changes |

## SECTION A: REGISTERED AGENT'S INFORMATION

**1.** NAME OF REGISTERED AGENT:  Corporation Service Company

**2.** SIGNATURE OF THE NEW REGISTERED AGENT:

SIGNATURE CONSTITUTES CONSENT TO THE APPOINTMENT

**3.** REGISTERED AGENT OFFICE STREET ADDRESS **& COUNTY**

2626 Glenwood Avenue, Suite 550

Raleigh, NC 27608 Wake County

**4.** REGISTERED AGENT OFFICE MAILING ADDRESS

2626 Glenwood Avenue, Suite 550

Raleigh, NC 27608

## SECTION B: PRINCIPAL OFFICE INFORMATION

**1.** DESCRIPTION OF NATURE OF BUSINESS:  **Clinical Laboratory testing**

**2.** PRINCIPAL OFFICE PHONE NUMBER: (336) 436-4974     **3.** PRINCIPAL OFFICE EMAIL: Privacy Redaction

**4.** PRINCIPAL OFFICE STREET ADDRESS

531 South Spring Street

BURLINGTON, NC 27215

**5.** PRINCIPAL OFFICE MAILING ADDRESS

531 South Spring Street

BURLINGTON, NC 27215

**6. Select one of the following if applicable. (Optional see instructions)**

[ ] The company is a veteran-owned small business

[ ] The company is a service-disabled veteran-owned small business

## SECTION C: OFFICERS (Enter additional officers in Section E.)

| NAME: Adam H. Schechter | NAME: Sandra D van der Vaart | NAME: Glenn A Eisenberg |
| --- | --- | --- |
| TITLE: President | TITLE: Secretary | TITLE: Chief Financial Officer |
| ADDRESS: | ADDRESS: | ADDRESS: |
| 531 South Spring Street | 531 South Spring Street | 531 South Spring Street |
| Burlington, NC 27215 | Burlington, NC 27215 | Burlington, NC 27215 |

## SECTION D: CERTIFICATION OF ANNUAL REPORT. Section D must be completed in its entirety by a person/business entity.

Sandra D van der Vaart                          4/20/2022

SIGNATURE                                    DATE

Form must be signed by an officer listed under Section C of this form.

Sandra D van der Vaart                          Secretary

Print or Type Name of Officer                        Print or Type Title of Officer

MAIL TO: Secretary of State, Business Registration Division, Post Office Box 29525, Raleigh, NC 27626-0525

**SECTION E: ADDITIONAL OFFICERS**

| NAME: Robert S Pringle | NAME: | NAME: |
|---|---|---|
| TITLE: Treasurer | TITLE: | TITLE: |
| ADDRESS: | ADDRESS: | ADDRESS: |
| 206 Carnegie Center | | |
| Princeton, NJ 08540 | | |

| NAME: | NAME: | NAME: |
|---|---|---|
| TITLE: | TITLE: | TITLE: |
| ADDRESS: | ADDRESS: | ADDRESS: |

| NAME: | NAME: | NAME: |
|---|---|---|
| TITLE: | TITLE: | TITLE: |
| ADDRESS: | ADDRESS: | ADDRESS: |

| NAME: | NAME: | NAME: |
|---|---|---|
| TITLE: | TITLE: | TITLE: |
| ADDRESS: | ADDRESS: | ADDRESS: |

| NAME: | NAME: | Name: |
|---|---|---|
| TITLE: | TITLE: | TITLE: |
| ADDRESS: | ADDRESS: | ADDRESS: |

| NAME: | NAME: | NAME: |
|---|---|---|
| TITLE: | TITLE: | TITLE: |
| ADDRESS: | ADDRESS: | ADDRESS: |